IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CARLOS RUIZ,
    Plaintiff,

vs.                                     Case No. 3:12cv404/MCR/CJK

LIEUTENANT WILLIAMS, et al.,
    Defendants.
_____

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983. (Doc. 7). Upon review of the amended complaint, the Court concludes that this case should be dismissed as malicious for plaintiff's abuse of the judicial process.

Plaintiff is an inmate of the Florida Department of Corrections ("DOC"), currently confined at Santa Rosa Correctional Institution ("Santa Rosa CI"). (Doc. 7). Plaintiff is suing eleven prison officials at Santa Rosa CI, claiming that they violated his constitutional rights by, on more than one occasions in December of 2011, housing plaintiff in a cell with an African American inmate and then inciting that inmate to assault plaintiff by telling him plaintiff was a racist. As relief, plaintiff seeks unspecified injunctive relief, compensatory damages and punitive damages.

## DISCUSSION

The *in forma pauperis* statute, 28 U.S.C. § 1915, requires the Court to dismiss this case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Plaintiff filed his amended complaint on October 8, 2012, the date reflected on the institutional date-of-mailing stamp. (Doc. 7, p. 1). On page three of the civil rights complaint form, Section IV(B) Previous Lawsuits, is the following question: "Have you initiated other actions in federal court dealing with the same or similar facts/issues involved in this action?" (*Id.*, p. 3). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (B), plaintiff marked "No." (*Id.*). The complaint form then directs the prisoner to describe each action, attaching additional pages if necessary. Plaintiff disclosed no cases.

On page four of the civil rights complaint form, Section IV(C), Previous Lawsuits, is the following question: "Have you initiated other actions (*besides those listed above in Questions (A) and (B)*)[1] in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (Doc. 7, p. 4). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (C), plaintiff marked "Yes." (*Id.*). The complaint form then directs the prisoner to

---

[1] Questions (A) asked plaintiff whether he had initiated other actions in state court dealing with the same or similar facts/issues involved in the present action. Plaintiff answered "Yes" to Question (A) and disclosed a state court case: *Ruiz v. DOC Secretary*, Case Number 10-CA-363, filed in the Circuit Court of Leon County, Florida. (Doc. 7, p. 3).

*Case No: 3:12cv404/MCR/CJK*

describe each action, attaching additional pages if necessary. Plaintiff disclosed the following seven cases:

(1) *Ruiz v. Osteen*, Case Number 3:12cv240, a civil rights case plaintiff filed in this Court on May 17, 2012,

(2) *Corniello v. Dugger*, Case Number 3:90cv711, a civil rights class action lawsuit in which plaintiff participated, filed in the United States District Court for the Middle District of Florida ("Middle District),

(3) *Ruiz v. Dugger*, Case Number 3:90cv651, a civil rights case plaintiff filed in the Middle District in 1990,

(4) *Osterback v. Singletary*, a civil rights class action lawsuit in which plaintiff participated (Middle District Case Number 3:04cv210),

(5) *Ruiz v. Several Correctional Officers*, Case Number 3:11cv292, a civil rights case plaintiff filed in this Court on June 20, 2011,

(6) *Ruiz v. Thornton*, Case Number 3:89cv763, a civil rights case plaintiff filed in the Middle District in 1989, and

(7) *Ruiz v. Doe*, Case Number 8:90cv817, a civil rights case plaintiff filed in the Middle District in 1990 .

(Doc. 7, pp. 4, 4-1 and 4-2).

On the same page of the civil rights complaint form, Section IV(D), Previous Lawsuits, is the following question: "Have you ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service?" (*Id*.). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (D), plaintiff marked "Yes." (*Id.*). The complaint form then directs the prisoner to describe each action, attaching additional pages if necessary. Plaintiff disclosed two civil rights actions he initiated in this Court:

    (1)    *Ruiz v. Shaner*, Case Number 3:12cv405, filed on August 20, 2012 (the date reflected on the institutional date-of-mailing stamp) and dismissed as malicious on September 10, 201,2 and

    (2)    *Ruiz v. Gaynor*, Case Number 3:12cv443, filed on September 12, 2012 (the date reflected on the institutional date-of-mailing stamp) and dismissed as malicious on September 28, 2012.

(Doc. 7, pp. 4 and 4-A). Plaintiff disclosed no other cases.

At the end of the civil rights complaint form, plaintiff signed his name after the following statement: "I declare under penalty of perjury that the foregoing statements of fact, including all continuation pages, are true and correct." (*Id.*, p. 7). Thus, plaintiff has in effect stated that at the time he filed his amended complaint, he had initiated no other lawsuits in federal court relating to the conditions of his confinement.

As a matter of course, this Court attempts to make an independent investigation into whether or not litigants truthfully complete the civil rights complaint forms. The Court's disclosure requirements are not mere procedural technicalities. Among other purposes, the information helps the Court to consider whether the action is related to or should be considered in connection with another case, or whether a holding in another case affects the current action. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable.

The Clerk has advised and the Court may take judicial notice, that at the time plaintiff filed his amended complaint in this case on October 8, 2012, plaintiff had initiated at least three other civil rights actions in this Court relating to the conditions of his confinement. On September 3, 2012 (the date reflected on the institutional

date-of-mailing stamp appearing on the complaint), plaintiff initiated *Ruiz v. Tifft*, Case Number 3:12cv427.  There, plaintiff complained about the food at Santa Rosa CI.  On September 30, 2012 (the date reflected on the institutional date-of-mailing stamp appearing on the complaint), plaintiff initiated *Ruiz v. Beaver*, Case Number 3:12cv479.  There, plaintiff claimed that in 2010, correctional officers at Santa Rosa CI used excessive force on him and retaliated against him for filing grievances.  On October 4, 2012 (the date reflected on the institutional date-of-mailing stamp appearing on the complaint), plaintiff initiated *Ruiz v. Shaner*, Case Number 3:12cv488.  There, plaintiff claimed that correctional officers at Santa Rosa CI used excessive force on him in January of 2012.  Plaintiff did not disclose any of these cases in his amended complaint.  Plaintiff knew he was required to disclose the cases even though they were filed after plaintiff initiated this lawsuit on August 20, 2012, as is demonstrated by plaintiff's disclosure of Case Number 3:12cv405 and Case Number 3:12cv443 even though they were filed after plaintiff initiated this lawsuit.  Further, although plaintiff may not have been aware of the case number and judge assigned to the latest case (*Ruiz v. Shaner*) at the time he filed his amended complaint, plaintiff certainly knew he had initiated that case, and knew all other information required by the court form.

      The Court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court.  If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice.  The Court will not tolerate false responses or statements in any pleading or motion filed before it.  Here, plaintiff falsely responded to a question on the complaint form, as

*Case No: 3:12cv404/MCR/CJK*

detailed above.  Plaintiff knew from reading the complaint form that disclosure of all prior civil cases was required.  Plaintiff was not confused about the disclosure requirement or the consequences of disregarding that requirement.  The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL."  (Doc. 7, p. 3).  If plaintiff suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  Therefore, this Court should not allow plaintiff's false response to go unpunished.  The undersigned recommends that an appropriate sanction for plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is to dismiss this case without prejudice.

Accordingly, it is respectfully RECOMMENDED:

1.  That this case be DISMISSED WITHOUT PREJUDICE as malicious under 28 U.S.C. §1915(e)(2)(B)(i) for plaintiff's abuse of the judicial process.

2.  That the Clerk be directed to close the file.

At Pensacola, Florida this 11th day of October, 2012.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).